*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# CONCURRING OPINION

No. 04-08-00392-CR

Flanzo Lafont **TOWNES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 266th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-6500
Honorable Sid L. Harle, Judge Presiding

Opinion: Steven C. Hilbig, Justice
Concurring opinion by: Sandee Bryan Marion, Justice

Sitting: Sandee Bryan Marion, Justice
   Steve C. Hilbig, Justice
   Marialyn Barnard, Justice

Delivered and Filed: April 22, 2009

I concur in the majority's decision to affirm the trial court's judgment, but I write separately because I believe the opinion should be limited to whether the trial court correctly denied the motion to suppress under any theory of law applicable to the case, and I would reach this conclusion for a reason other than the reasons stated in the majority opinion.

Consent to search is a well-established exception to the constitutional requirements of a warrant and probable cause. *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000).

A defendant's consent to search is only valid if it is voluntary. *Id.* Voluntary consent is determined from the totality of the circumstances and must be positive and unequivocal, and free of duress or coercion. *Reyes v. State*, 741 S.W.2d 414, 430 (Tex. Crim. App. 1987). If the record supports a finding by clear and convincing evidence that consent to search was free and voluntary, we will not disturb that finding. *Carmouche*, 10 S.W.3d at 331.

Officer Mora, who was the only witness to testify at the suppression hearing, testified as follows when asked what he did to obtain entry into defendant's room:

A. Well, at that time I went outside, went to the carport and went - - I asked Mr. Townes if he had a key. They brought the key to me and - -

Q. Who is they?

A. One of the officers, one of the PD officers, had brought the key to me. And I asked [defendant] about, you know, if there was anything in the room that I needed to be concerned about. And he - - he had informed us that there was a weapon inside a backpack inside the bedroom.

. . .

Q. And he [defendant] acknowledged that that room was his bedroom?

A. Yes.

Q. And the key, did it open the lock?

A. Yes.

Q. And he acknowledged that those were his keys?

A. Those were his keys.

Defense counsel elicited no testimony regarding the circumstances under which defendant, who was not handcuffed, gave his key to one of the police officers standing with him in the carport. Nothing in the record indicates defendant was coerced into handing over his key.

Here, the trial court made no explicit findings of fact; therefore, we must imply the necessary fact findings that would support the trial court's ruling if the evidence and all reasonable inferences from the evidence, viewed in the light most favorable to the trial court's ruling, support these implied fact findings. *See State v. Kelly,* 204 S.W.3d 808, 819 (Tex. Crim. App. 2006). I believe the evidence and all reasonable inferences from the evidence, viewed in the light most favorable to the trial court's ruling, support the trial court's implied finding that defendant voluntarily consented to the search of his room. Because I conclude the trial court did not abuse its discretion by denying defendant's motions to suppress on this basis, I would not address defendant's other complaints on appeal.

Sandee Bryan Marion, Justice

PUBLISH